UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LARMORE MACLIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 4:22-CV-00865 |
| vs. ) | |
| ) | |
| CITY OF ST. LOUIS, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendants' motion to dismiss the complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Pursuant to Rule 12(d), the Court will convert the motion into a motion for summary judgment and direct the parties to submit a proposed schedule for discovery and further briefing.

**BACKGROUND**

On May 20, 2020, Plaintiff Larmore Maclin had an altercation with a neighbor in the lobby of his apartment building in St. Louis. A hostile exchange escalated, and Maclin punched the neighbor, who then pointed a gun at Maclin. A security guard intervened and ended the confrontation. Thirty minutes later, St. Louis Metropolitan Police Officer Kimberly Hayes and her partner knocked on Maclin's apartment door and asked him to accompany them downstairs. Maclin agreed but first turned inside his apartment to retrieve his keys and phone. Hayes followed him into the living room, allegedly without probable cause to do so, according to Maclin.

Once in the lobby, the two officers spoke with Maclin and his neighbor. When the officers noticed the neighbor's gun, they quickly seized it. Maclin stated that he intended to file

a complaint against Officer Hayes for entering his apartment unlawfully.  Hayes then instructed her partner to place Maclin in handcuffs and escort him outside.  Maclin was taken to the police station and held for five hours, after which no charges were filed.

Maclin originally filed the present action in state court in January 2021 against Defendants Hayes and the City of St. Louis, asserting a state law claim of false imprisonment. (Doc. 1-1 at p. 137).  Officer Hayes was deposed in March 2022.  (Doc. 28-2).  In her deposition, Hayes stated that she did not receive any training on citizens' constitutional rights, and she purportedly acknowledged an absence of "legal authority" to enter Maclin's apartment.  Based on that testimony, in July 2022, Maclin amended his petition to include Fourth Amendment claims, quoting Hayes's deposition in the body of his petition.  (Doc. 1-1 at p. 2-17).  The City then removed the case to this Court, after which Maclin amended his complaint to include First Amendment retaliation claims.  Maclin's fourth amended complaint contains thirteen counts. (Doc. 26).  Against Hayes, Maclin asserts claims under 42 U.S.C. § 1983 for Fourth and First Amendment violations (Counts I and VII) and a state law claim for false imprisonment (Count XIII).  In the remaining counts, Maclin asserts § 1983 claims against Hayes's supervisors and the City for failure to train, failure to supervise, and unconstitutional customs relating to Hayes's Fourth and First Amendment violations.

Defendants move to dismiss the complaint on theories of qualified and official immunity and the insufficiency of the pleadings under the standards of Rule 12(b)(6).  In support of the motion, Defendants submit additional excerpts from Hayes's deposition in which she explains the context for her decisions to enter Maclin's apartment and later place him in handcuffs.  (Doc. 28-2).  As relevant to Maclin's Fourth Amendment claim, she explains that the nature of the confrontation, the report of a weapon at the scene, and Maclin's physical assault of his neighbor

prompted her to keep Maclin in view as a matter of safety.  As relevant to Maclin's First Amendment retaliation claim, Hayes stated that Maclin "wasn't calming down to diffuse the situation, and it was a huge disturbance in the lobby," so she decided to separate the parties and place Maclin in handcuffs.

## LEGAL STANDARDS

### Qualified Immunity

The doctrine of qualified immunity protects government officials from civil liability so long as "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Qualified immunity "gives government officials breathing room to make reasonable but mistaken judgments and protects all but the plainly incompetent or those who knowingly violate the law." *Blazek v. City of Iowa*, 761 F.3d 920, 922 (8th Cir. 2014).  Whether an official may be held personally liable for an official act generally turns on the objective legal reasonableness of the official's action, assessed in light of the legal rules that were clearly established at the time. *Kiesling*, 859 F.3d at 533.

As relevant to Hayes's defense of qualified immunity, a warrantless search will be legal if the law enforcement officer acted with a reasonable belief that probable cause or exigent circumstances existed.  *Anderson v. Creighton*, 483 U.S. 635, 641 (1987).  Exigent circumstances can exist when officers have a legitimate concern for themselves or others. *United States v. Quarterman*, 877 F.3d 794, 797 (8th Cir. 2017).  *See also United States v. Vance*, 53 F.3d 220, 221-22 (8th Cir. 1995) (where defendant retreated into his house to retrieve identification and officers followed him, given reports of other people and weapons inside).

Likewise, a First Amendment retaliatory arrest claim is defeated by a showing of

probable cause or arguable probable cause. *Just v. City of St. Louis*, 7 F.4th 761, 768 (8th Cir. 2021). If there exist non-retaliatory grounds sufficient to provoke the adverse action, then the plaintiff's claim will fail. *Nieves v. Bartlett*, 139 S.Ct. 1715, 1722 (2019).

Both the Supreme Court and the Eighth Circuit have repeatedly stressed the importance of resolving qualified immunity questions "at the earliest possible stage in litigation." *Payne v. Britten*, 749 F.3d 697, 701 (8th Cir. 2014).

### Rule 12(b)(6)

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint. *Johnson v. McDonald Corp.*, 542 F. Supp. 3d 888, 890 (E.D. Mo. 2021). The Court accepts all factual allegations as true and construes them in favor of the plaintiff. *Id*. To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqubal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. Courts are not bound to accept as true a legal conclusion couched as a factual allegation, and factual allegations must be enough to raise a right to relief above the speculative level. *Torti v. Hoag*, 868 F.3d 666, 671 (8th Cir. 2017).

### Rule 12(d)

When matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment. Fed. R. Civ. P. 12(d). Documents necessarily embraced by the complaint are not considered matters outside the pleadings. *Zean v. Fairview Health Servs.*, 858 F.3d 520, 526 (8th Cir. 2017). Materials embraced by the complaint

4

include documents whose contents are alleged in the complaint and whose authenticity no party questions, even if they are not physically attached to the pleadings. *Id.* For example, in a breach of contract case, a court may consider the parties' contract as material embraced by the pleadings, even if not attached to the complaint but instead submitted in support of a motion to dismiss. *Gorog v. Best Buy Co., Inc.*, 760 F.3d 787, 791 (8th Cir. 2014).

By contrast, courts view as outside the pleadings any written or oral evidence that provides some substantiation in support of or in opposition to the pleadings. *Id. See also Erler v. Graham Packaging*, 4:14-CV-931 JCH, 2014 WL 6463338, at *2 (E.D. Mo. Nov. 17, 2014) (declining to consider affidavits filed in support of a motion to dismiss); *Whitten v. City of Omaha*, 199 F. Supp. 3d 1224, 1231 (D. Neb. 2016) (declining to consider a warrant offered for the truth of the executing officer's statement).

## DISCUSSION

Here, both parties rely on Hayes's deposition to substantiate their respective positions. Maclin invokes the deposition to assert that Hayes did not receive any training on citizens' constitutional rights and lacked "legal authority" to enter his apartment. Defendants invoke other excerpts to show that Hayes's actions were reasonable under the circumstances, so Hayes is entitled to qualified immunity. Notwithstanding the short excerpt contained in Maclin's complaint, Hayes's deposition constitutes material outside the pleadings, particularly insofar as the parties use it as substantiation for or against the pleadings, inviting factual inferences and legal conclusions that are not appropriate at this stage.

Rule 12(d) requires that, when matters outside the pleadings are presented to *and not excluded by the court*, the motion shall be treated as one for summary judgment. Here, however, the Court cannot entirely exclude the deposition as it is quoted in Maclin's complaint.

5

Alternatively, presented with these matters outside the pleadings, and mindful of the need to resolve questions of qualified immunity as early as possible, the Court will convert Defendants' motion to dismiss into a motion for summary judgment and direct the parties to submit a proposed schedule for discovery and further briefing on the issue of qualified immunity.

Accordingly,

**IT IS HEREBY ORDERED** that, pursuant to Rule 12(d), Defendants' motion to dismiss is converted to a motion for summary judgment governed by Rule 56.  (Doc. 27).

**IT IS FURTHER ORDERED** that, within fourteen days, the parties shall confer and file a joint proposed schedule for discovery and further briefing on the issues.

Dated this 20th day of April 2023.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE