UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LARMORE MACLIN, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 4:22-CV-00865 ) ) |
| CITY OF ST. LOUIS, et al., | ) ) |
| Defendants. | ) ) |

## MEMORANDUM AND ORDER

On March 29, 2024, the Court granted Defendants summary judgment on all of Plaintiff Larmore Maclin's claims except Count XIII—his state law false imprisonment claim. ECF No. 52. Even though Defendants argued that Defendant Kimberly Hayes was entitled to official immunity on Count XIII in their original motion to dismiss, they did not address the claim after the Court converted Defendants' motion to dismiss into a motion for summary judgment. Because the Court had only supplemental jurisdiction over Count XIII, and it dismissed the claims over which it had original jurisdiction, the Court requested additional briefing from the parties addressing (1) whether the Court should retain jurisdiction over Count XIII and (2) the merits of the claim. *See* 28 U.S.C. § 1367(c)(3). The parties have now provided that briefing: Maclin urges the Court to decline to exercise supplemental jurisdiction, while Defendants urge the Court to retain jurisdiction and dismiss Plaintiff's claim with prejudice.

Generally, when all federal claims are dismissed on a motion for summary judgment, "the balance of factors to be considered under the supplemental jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Starkey v. Amber Enterprises, Inc.*, 987 F.3d 758, 765 (8th

Cir. 2021) (quoting *Carnegie-Mellon Univ. v. Cohill,* 484 U.S. 343, 350 n.7 (1988)).  However, Defendants have persuasively argued that the balance of factors weighs in favor retaining jurisdiction here.  They underscore that the parties have addressed the merits of Maclin's false imprisonment claim in their briefing on Defendants' motion to dismiss and on the Court's recent request for additional briefing, and the Court's rulings on Maclin's other claims are directly relevant to his false imprisonment claim.  Specifically, the Court's March 29, 2024, Order concluded that there was no genuine dispute that Hayes had probable cause to arrest Maclin for assault, primarily because Maclin admitted to Hayes that he punched someone.  ECF No. 56 at 9.  Because an arrest is justified if it is supported by probable cause, and justification is a complete defense to false arrest, the Court's conclusion appears to be a sufficient basis upon which to grant Hayes summary judgment on Maclin's false imprisonment claim as well.  *See Blue v. Harrah's N. Kansas City, LLC*, 170 S.W.3d 466 (Mo. Ct. App. 2005).[1]

Accordingly*,* the Court is satisfied that retaining supplemental jurisdiction over Maclin's claim will not impact the court's resources.  On the contrary, dismissing Maclin's false imprisonment claim for lack of subject matter jurisdiction will prolong resolution of his claim, potentially at the expense of the resources of a Missouri court.  It will therefore decline to dismiss Maclin's false imprisonment claim for lack of subject matter jurisdiction.

Under Federal Rule of Civil Procedure 56(f), the Court may, after giving notice and a reasonable time to respond, grant a motion for summary judgment on grounds not raised by a party or consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute.  Here, the Court has provided Maclin time to address the

---

[1] Defendant argues that it is entitled to official immunity for the same reason.  ECF No. 56.

2

```
```

merits of Count XIII, but out of an abundance of caution, it will afford Maclin two additional weeks to show cause why summary judgment should not be granted on his false imprisonment claim because his arrest was supported by probable cause.

Accordingly,

**IT IS HEREBY ORDERED** that no later than **Friday, May 24, 2024**, Maclin shall show cause why summary judgment on Count XIII should not be granted.

Dated this 10th day of May 2024.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE