UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LARMORE MACLIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 4:22-CV-00865 |
| vs. | ) |
| | ) |
| CITY OF ST. LOUIS, et al., | ) |
| | ) |
| Defendants. | ) |

### MEMORANDUM AND ORDER

On March 29, 2024, the Court granted Defendants summary judgment on all of Larmore Maclin's claims except Count XIII, his state law false imprisonment claim. ECF No. 52. Though Defendants had previously argued that Defendant Hayes was entitled to official immunity on Count XIII in their original motion to dismiss, they did not address Count XIII in their motion summary judgment. After the Court directed the parties to explain whether the Court should retain supplemental jurisdiction over the claim, Defendants urged the Court to retain jurisdiction and dismiss the claim with prejudice because the Court's rulings on Maclin's other claims are directly relevant to his false imprisonment claim. Specifically, they argued that the Court's conclusion that there was no genuine dispute that Defendant Hayes had probable cause to arrest Maclin is a sufficient basis to dismiss Maclin's false imprisonment claim.[1]

Persuaded by Defendants' reasoning, the Court retained supplemental jurisdiction over Count XIII and explained that Federal Rule of Civil Procedure 56(f) allows a court to grant

---

[1] Even more specifically, Defendants argued that Hayes was entitled to official immunity on the claim because she had probable cause to believe Maclin had committed a crime. ECF No. 55. But the official immunity defense can be overcome by showing conscious wrongdoing, *Rozell v. Stiefermann*, 726 S.W.2d 342, 344 (Mo. Ct. App. 1987), and Maclin asserted that Hayes' decision to arrest him was the product of conscious wrongdoing. By contrast, probable cause may not be vitiated by evidence that the arrest was motivated by conscious wrongdoing. *See Blue v. Harrah's N. Kansas City, LLC*, 170 S.W.3d 466 (Mo. Ct. App. 2005) (distinguishing official immunity defense from argument that arrest was justified by probable cause).

summary judgment on grounds not raised by a party or on its own after identifying for the parties material facts that may not be genuinely disputed.  ECF No. 57. Although the Court had already provided Maclin the opportunity to brief the merits of his false imprisonment claim in its request for additional briefing, it afforded Maclin two additional weeks to show cause why summary judgment should not be granted against him on his claim because his arrest was supported by probable cause.

On May 24, 2024, Maclin responded to the Court's Show Cause Order, but his response merely reiterates his previous argument that the Court should dismiss his false imprisonment claim for lack of subject matter jurisdiction; it does not address the merits of his claim at all. Maclin underscores that his false imprisonment claim, "has not been briefed under the traditional procedures of Rule 56, such that no facts have been submitted that relate to Count XIII." ECF No. 58 at 4.  But facts have been submitted that relate to Count XIII—the Court specifically discussed those facts in its Memorandum and Order granting Defendants Summary Judgment and in its Show Cause Order.  The Court also specifically provided Maclin an opportunity to brief the merits of his claim as provided by Federal Rule of Civil Procedure 56(f), and Maclin declined to do so.

Under Missouri law, "[a] plaintiff has a cause of action for false arrest if the plaintiff is confined, without legal justification." *Blue v. Harrah's North Kansas City, LLC*, 170 S.W.3d 466, 472 (Mo. Ct. App. 2005).  Conversely, a legal justification is a complete defense to a false arrest or false imprisonment claim.  *Id.* at 480 (quoting *Edwards v. McNeill*, 894 S.W.2d 678, 683 (Mo. App. W.D. 1995)).  And "[t]he arrest of an innocent person by an officer empowered to make an arrest is justified if the officer has a reasonable belief that the person is guilty of the offense for which he is arrested." *Id.*  Here, the summary judgment record shows that there is no

genuine dispute that Defendant Hayes reasonably believed Maclin assaulted someone: eyewitnesses told Hayes that they saw Maclin punch someone in the face, Maclin admitted to Hayes that he punched someone in the face, and Hayes and her partner personally witnessed Maclin become aggravated and attempt to confront the person he punched. ECF No. 52 at 9. Despite multiple opportunities to create a genuine dispute as to any of these facts, Maclin has not done so. The Court will therefore grant Defendants summary judgment on Maclin's false imprisonment claim.

Accordingly,

**IT IS HEREBY ORDERED** that summary judgment is entered in favor of Defendants on Count XIII.

A separate judgment shall be entered herewith.

Dated this 20th day of June, 2024.

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE